[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The defendant-appellant's name also appears as Frederick Willis in portions of the record.
 JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Frederick Wills appeals his conviction for aggravated murder with a specification and for carrying a concealed weapon. We conclude that Wills's sole assignment of error has no merit and affirm the judgment of the trial court.
On June 11, 2004, Wills shot Lakeesha Tait once in the chest, twice in the back, and once in the head. Wills was charged with aggravated murder in violation of R.C. 2903.01(A), with a gun specification, and with carrying a concealed weapon in violation of R.C. 2923.12(A).
Wills and Tait had had a contentious relationship. Tait was the mother of Wills's two children. One of the children, Dominic, has sickle cell anemia. On June 10, 2004, Children's Hospital in Cincinnati called Wills to inform him that Tait had not signed an authorization for the treatment of Dominic, who had been admitted to the hospital in crisis. Wills attempted to contact Tait to ask her to sign the papers. On the morning of June 11, Wills went to Tait's workplace. Tait refused to talk to him. Wills then called in sick to work and purchased a gun. He returned to the area near Tait's workplace and waited for Tait to leave work.
Wills claimed that he had not intended to shoot Tait when he returned to the workplace. Rather, he wanted to convince her to sign the papers for Dominic's treatment. He further claimed that he had brought the gun with him because Tait's sister had warned him that Tait's new boyfriend was dangerous. When Tait was leaving work with her boyfriend, Wills stated, that he approached them and showed them the gun. According to Wills, Tait's boyfriend ran away, and Tait swung her arm at Wills. Wills pushed her back and then began to shoot her. Other witnesses testified that they had not heard an argument between Wills and Tait.
At the conclusion of the trial, the court found Wills guilty of both aggravated murder with a gun specification and carrying a concealed weapon. At the sentencing hearing, the trial court sentenced Wills to life imprisonment for the aggravated murder, a consecutive three-year term of imprisonment for the gun specification, and an eighteen-month term of imprisonment for the concealed-weapon charge, to be served concurrently with the life-imprisonment term.
With respect to the aggravated murder, Wills was convicted of violating R.C. 2903(A)(1), which provides that "[n]o person shall purposely, and with prior calculation and design, cause the death of another * * *." Although he admits to having caused the death of Tait, Wills claims in his sole assignment of error that the trial court's finding that he had acted with prior calculation and design was against the manifest weight of the evidence. We disagree. The record is replete with evidence that Wills had acted with prior calculation and design. After reviewing the record, we are unable to say that the trial court lost its way and created a manifest miscarriage of justice in finding Wills guilty of aggravated murder.[2] The sole assignment of error is overruled, and we therefore affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Hendon, JJ.
[2] State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.